IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN THE MATTER OF THE SEARCH OF
INFORMATION THAT IS STORED AT
PREMISES CONTROLLED BY GOOGLE,
1600 AMPHITHEATRE PARKWAY,
MOUNTAIN VIEW, CALIFORNIA 94043

Case No. 22-MR-1161-JFR
**Filed under Seal**

### ORDER QUASHING SEARCH WARRANT AS MOOT

THIS MATTER comes before the Court on *Google LLC's Motion to Quash Search Warrant and Brief in Support Thereof.* Doc. 10. The United States has responded, and Google has filed its reply. Docs. 14, 15. Google claims that the "geofence" search warrant seeking Location History (L.H.) previously authorized by this Court is constitutionally defective, in that it is overly broad, insufficiently particular, and unsupported by probable cause. Doc. 10 at 2. By way of its response, the United States disputes Google's constitutional arguments, but notes that the Federal Bureau of Investigation has withdrawn the search warrant, thus mooting the controversy before the Court. Docs. 13, 14. Google replies that this is the second time in three months that the United States has "staunchly" defended a geofence warrant that Google has challenged, only to withdraw the warrant after Google has filed a motion to quash. Doc. 15 at 2. Google seeks the Court's oversight given the serious constitutional issues that these warrants raise. *Id.*

"The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." 15 *Moore's Federal Practice*, § 101.90 (Matthew Bender 3d Ed.). Thus, "mootness is a threshold issue" that implicates the

1

court's subject matter jurisdiction. *Disability Law Ctr. V. Millcreek Health Ctr.,* 428 F.3d 992, 996 (10th Cir. 2005). A case can become moot due to a change in factual circumstances or the law. *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008). "Generally speaking, one such [factual] circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." *Id.* (citation omitted).

Here, the controversy is moot since the United States has withdrawn the warrant. Doc. 13 at 2. Google has received the relief it sought. Nonetheless, the Court notes that a significant amount of work was expended by the parties, and now by the Court, in resolving a matter that could have, and likely should have, been resolved long ago. The warrant was submitted to Google on August 7, 2022. Shortly thereafter, Google voiced its constitutional concerns to the United States, and explained that the target's account did not return L.H. data—meaning the target would not be identified by the geofence warrant's return. Doc. 10 at 10. Nonetheless, the United States refused to modify the parameters of the original warrant to accommodate Google's concerns, largely due to its belief that co-conspirators may have been involved in the crimes under investigation. *Id.* Now, "in part because the investigation has progressed", the United States has withdrawn the search warrant. Doc. 14 at 2. While the Court does not question the Government's investigative techniques or its motives, the Court notes that the arrest of Muhammad Atif Syed, the target of the warrant and primary homicide suspect, occurred on August 8, 2022, *one day* after the warrant was submitted to Google. The Court is left to imagine whether the criminal investigation had "progressed" sufficiently with that arrest, or sometime shortly thereafter, so that the Government could have withdrawn its warrant long before September 7 when Google sought quashal. The Court is perplexed by this timing and

encourages the Government to act more expeditiously, so as to avoid unnecessary expenditure of resources whenever possible.

_____
JOHN F. ROBBENHAAR
U.S. Magistrate Judge